101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Francis BOVE, Plaintiff-Appellee,
v.
Brian M. KENNEDY, Trooper, as an individual and in his
official capacity, Defendant-Appellant,
JOHN and/or Jane Doe, being and intending to be police
officer(s), public servants and/or employees of
the State of New York, Defendant.
 No. 95-7846.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellant: Dennis C. Vacco, Attorney General of the State of New York, Mineola, NY.
 Appearing for Appellee:Patrick Kevin Brosnahan, Jr., Babylon, NY.
 E.D.N.Y.
 APPEAL DISMISSED.
 Appeal from the United States District Court for the Eastern District of New York (Gleeson, Judge).
 Present: GRAAFEILAND, MESKILL, WINTER, Circuit Judges.
 
 
 1
 New York state trooper Brian Kennedy appeals from Judge Gleeson's amended order which, inter alia, denied Kennedy's motion for summary judgment on certain of Bove's claims against him pursuant to 42 U.S.C. § 1983. Kennedy contends he is immune from liability under the doctrine of qualified immunity.
 
 
 2
 Judge Gleeson concluded that there are disputed material issues of factual relevant to whether Kennedy may invoke qualified immunity. See Bove v. Kennedy, 899 F.Supp. 114, 119 (E.D.N.Y.1995). When the record in a qualified immunity case raises a genuine issue of fact for trial, we have no jurisdiction to entertain an interlocutory appeal of the district court's denial of summary judgment. Johnson v. Jones, 115 S.Ct. 2151, 2159 (1995).
 
 
 3
 The appeal is therefore dismissed for lack of jurisdiction.